to the Ninth Circuit. We've read the briefs and the record. We're anxious to hear your arguments. The first case up for argument is the United States against Brian Keith Battles. Counsel ready? Mr. Rick. Please, the Court, my name is Donald S. Frick. I represent Mr. Brian Keith Battles. I'm sure the Court is aware, having read the briefs, of the background procedure in this particular case, and I think the issue now before this Court is whether Mr. Battles is entitled to equitable tolling. I recognize that there is no case on file that I can find regarding the failure of an attorney to provide his client with documents. However, it appears in this particular case Mr. Battles was attempting to comply with the rules and regulations. Unfortunately, he used the wrong rules of procedure. He used Rule 6A instead of the one pertaining to 2255. May have picked the wrong lawyer. Pardon, sir? May have picked the wrong lawyer. That's quite possible, Your Honor. Not only did the attorney who represented Mr. Battles fail to provide him legal documents, he also failed to tell him of the applicable statute, applicable times of filing things, other than sending him a letter on October 14th saying your petition has been denied. Furthermore, it seems to me You've seen a case called Ford v. Hubbard? Yes, I have, Your Honor. That looks like it's pretty close. It is very close, Your Honor. In this case. And in that case, we said, well, let's just send it back and let the district court develop the facts. Well, that would probably be able to at least give him his day in court, Your Honor. Do you think this case is really that case? I'm sorry? This case is really on all fours or fives of that case, you think? I think it is, Your Honor. I think that while attorney negligence is not necessarily a matter for equitable tolling, I think this particular case is distinguishable in that, number one, his attorney didn't tell him, number two, he didn't provide him legal documents, and number three, Mr. Battles was a pro se litigant who was attempting to comply with the rules and just was unable. If the Court has any further questions, I'll reserve my time. Great. Thank you very much. We understand your position. Mr. Bender? Good morning. Good morning. Thank you, Your Honors. My name is Richard Bender. I'm an assistant U.S. attorney for the Eastern District of California. I was a trial lead, trial attorney in this case, and I've been with it cradle to grave. Let me start off by responding to the question about why this case is different from Hubbard. It's fundamentally different. In Hubbard, he filed his petition within the time period. He had the one-year statute of limitations. And that was a 2254, which is a State conviction. And so he had exhausted and unexhausted claims. Well, but on the claims, the claims on a great block of those claims, I think, involving the weed case, he did not file that in a timely fashion. And the Court didn't say he did. The Court said those are untimely, they'd be barred except for equitable tolling. And here's why we think there might be equitable tolling. And it lays out a whole bunch of reasons. All right. So let's say that one little distinction. Any other distinctions? Well, also in Hubbard, they said this might be a case where equitable tolling could apply. It might not. We don't want to jump there. We want to have a full recitation of facts. Right. But I think the distinction here is he had claims he knew about, which he filed in his petitions, and claims, potential claims that he perhaps didn't know about. And he had an obligation to file those claims that he knew about within the time period. How many days of equitable tolling does he need to make his petition timely? Well, for the claims that he filed in his petition, it's about 8 or 5 to 8. Six, I think. And for the claims that he filed in his petition. I'm sorry. Can we tell from this record whether a — there is 5, 6, whatever it is, 8 days of equitable tolling, assuming he's entitled to it? Yeah, I think you can. The — this petition was clearly prepared by a jailhouse lawyer. And if you refer to my original brief, I explained how within the attachments to the various documents, Mrs. Battles, the mother of the defendant, says we have to get this material to this third person. And the fact of the matter is the third person just blew it. I mean, he believes that the statute of limitations after assertive — after the denial of cert didn't start until he received the material in the mail. And he just missed it. And that's the essence of what statute of limitations are about. If you miss the deadline, you miss the deadline. Well, but isn't the problem that what we don't know because the facts weren't developed — and I don't recall if the government actually appeared in that case. I don't — in this case, I forget. Before the district court dismissed it. It did not, Your Honor. Again, I filed a response. If I had, we would have gone to the merits saying we wouldn't be here and it's much to do about nothing. But that's another issue. I thought that was the case. The thing that wasn't developed and it's difficult to come to grips with, and I think it's one reason Ford probably sent it back, is this. Maybe these two claims he should have known because, I mean, one of them is he didn't let me testify. You don't need a transcript to know you weren't let testify. Well, it's not exactly that. He didn't let me talk to probation officer. Right. But the difficulty is if somebody is thinking somebody is going to file a habeas and is waiting on a lawyer to send the information. And let's say let's say for the moment the lawyer is egregiously doing big naughty. OK, he's doing all kinds of evil things and isn't doing it kind of like Ford wanted developed. Well, so you're there waiting for materials and you're not getting them. Is it conceivable that you could have equitable tolling while you're waiting for this stuff? Well, yes, I think there is. And I think what he should have done, I think what Ford supports is that what he should have done is filed a timely claim with the claims that he knew about. And then just like in Ford v. Hubbard, he should have asked the court for stay to give him time to obtain the additional materials and, in fact, get an order from the court requiring defense, former defense counsel. And that's important. It's former defense counsel to provide him the materials and then amend his claim. And at that point, ask for equitable tolling on those amended claims, showing that he didn't and being able to demonstrate that he couldn't have brought them since he didn't know the material previously. Isn't that theory sort of antithetical to the whole notion of equitable tolling? I mean, the idea of tolling is things stop and the statute doesn't run. What your argument seems to be is you have to file within the statute and then you might be able to add claims by the application of equitable tolling. I mean, the theory of tolling, it seems to me, and I mention that because I like your – I'm interested in your response is it's tolling. It's not – you don't – the statute does not run during the period of equitable tolling. Yes, Your Honor. I understand your point. The problem with that is if you want to make equitable tolling such a broad doctrine that you open the floodgates and you essentially do away with the statute of limitations. I mean, it does not – But isn't that what we do – and not to interrupt, but isn't that what we do in non – habeas, we have special concerns, of course, and we have the overlay. We have EDPA. But isn't that what happens in civil cases, the ordinary civil case? We say, well, the statute was tolled during X period of time. I mean, that's just – But even in the ordinary civil case, we say, you know, you have this claim. If it's just your negligence for not filing on time, then you're out. Right. But if you're under a disability for whatever reason, either you're out of the country or couldn't file, then if we allow tolling on that, we don't require people to file some paper within the statutory period and then ask for tolling or ask for a stay later. That's just not – I don't know of a court that does that. So is your point, then, Your Honor, if you had eight claims, two of which you didn't know about until two years after the fact, you come and they just come to you, you raise it at two years after the fact and raise your other six claims, which you knew about and should have done at the time in a timely fashion, and everything gets tolled during that and they're equitable tolling? No, not necessarily. I'm just talking about the general concept of tolling. I wasn't talking about mixed claims or additional claims in that sense. Tolling is tolling. That may be – There's no such thing as tolling light. Tolling – I didn't hear you. Tolling light. There's just no such thing. It's either tolled or it's not tolled. Well, but it's tolled per claim and not tolled for event. I think the point is you don't get to come back later and you pick up one claim and say, okay, therefore I can raise everything that I had available earlier. And so I think the obligation of the petition at that point was to raise what he knew about, ask for a stay, obtain the material, and that's – and then come back, amend his petition and go forward. And that's essentially what Hubbard outlined. That's not exactly what happened in Hubbard. That's what the Court of Appeals was directing the courts on remand. It said – It did say that, but it took up the equitable tolling issues completely separately. Now, Hubbard perhaps could have said the whole – everything should have been equitably tolled because the district court fouled up in dismissing it in the first place. It could have conceivably said it, but it didn't. It said on these other – on these claims, we'll – we're not sure whether there should be equitable tolling or not. Let's send it back and have the district court develop the record properly. I mean, that's what Ford came to. It didn't make a decision in that sense. It just said, let's let the court develop it. And isn't that the – isn't that part of the problem here? The record's not really very well developed. Maybe somebody should look at the whole ball of wax. And then you might decide that – the court might decide, well, there shouldn't be equitable tolling because it's perfectly clear what really occurred here, and it's perfectly clear he wasn't delayed. And a lot of things might be perfectly clear once the facts are developed, but they ain't developed. Well, I – my guess is, knowing Judge Garcia, he's going to say the facts that I have are sufficient, which are that he missed the deadline. And as to additional claims that we don't know about, if he – you know, if he wants to file them later – Well, district judges sometimes talk to us that way when we send cases back, and sometimes they don't. Well – I think – I think we understand your position. We appreciate your argument. As to whether or not there was an incorrect delay, I don't think that's something that we should have considered today. Do you want to respond? It's very briefly, Your Honor. I think two things I'd like to point out is, number one, I think the Court asked how long a delay there was in this particular case. It was basically five days. There was a mailbox rule where we actually filed the documents with the mailbox rule on October 12th as opposed to October 5th when it was actually due. Secondly, Mr. Battles is a pro se litigant, and I think Ford and Hubbard both say that they should be given careful attention. And even attorneys, we blow statutes under the civil things. If an attorney blows a statute, he's sued. It can't happen here. And I don't think the same rules must apply to pro se litigants, but if they're not familiar with the law and are not provided with their documents and their attorney doesn't tell them what's going on, then I think that they're entitled to equitable tolling. If there are other questions, I have nothing further. Thank you very much. I thank both counsels for coming in this morning. The case just argued will be submitted for decision, and we'll proceed to Chabon v. Anderson.
judges: Fernandez, Hawkins, Thomas